UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAGOBERTO LEON

VERSUS

THE KROGER CO., ET AL.

CIVIL ACTION

NO. 23-722-JWD-SDJ

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Dismiss* (Doc. 35) filed by Defendant Kroger Limited Partnership I ("Kroger I"). Plaintiff Lagoberto Leon ("Leon" or "Plaintiff") opposes the motion (Doc. 40). Kroger I filed a reply (Doc. 41) and a supplemental reply (Doc. 48). Plaintiff filed a supplemental memorandum in opposition of the motion (Doc. 52). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the *Motion to Dismiss* is granted in part and denied in part.

**I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On January 2, 2023, Plaintiff, a domiciliary of St. Tammany Parish, Louisiana, was in a Kroger grocery store in Harriman, Tennessee, where he was injured after a slip and fall. (Doc. 32 at ¶¶ 5–16.) Plaintiff filed suit in this Court on August 13, 2023. (Doc. 1.) Plaintiff initially filed suit against The Kroger Company ("TKC"), who remains a defendant in this case but did not join in this motion. (Doc. 1.) In its *Answer* to the original *Complaint*, TKC admitted that this Court had personal jurisdiction over it. (Doc. 6 at ¶ 3.) TKC also argued that it was not the proper defendant because Kroger I is the owner of the store in Harriman, Tennessee. (*Id.* at ¶ 2.)

TKC filed a motion to transfer the case based on *forum non conveniens*, asserting that the Eastern District of Tennessee would be a more proper venue because the injury occurred there.

(Doc. 23.) Plaintiff filed the *First Supplemental and Amending Complaint* on November 16, 2023, adding Kroger I as an additional defendant. (Doc. 32.) The Court denied TKC's motion to transfer (Doc. 23) without prejudice to raising the arguments in the *Motion to Dismiss* or in response to Plaintiff's First *Supplemental and Amending Complaint*. (Doc. 54).

## II.     RELEVANT STANDARD

"Upon objection to venue, the burden is on the plaintiff to establish that venue is proper, but the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Walters v. T.H. Hill Assocs., Inc.*, No. 12-723, 2013 WL 5375488, at *1 (M.D. La. Sept. 19, 2013) (citing *Ginter ex rel. Ballard v. Belcher, Predergast & Laporte*, 536 F.3d 439, 448–49 (5th Cir. 2008)). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in 28 U.S.C. § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under 28 U.S.C. § 1406(a)." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. W. Dist. Tex.*, 571 U.S. 49, 56 (2013). Put another way, 28 U.S.C. § 1406(a) allows a court to dismiss or transfer an action only if that action has been originally brought in an improper venue.

Intended to do more than codify existing law on *forum non conveniens*, § 1404(a) allows a defendant to transfer an action to a generally more convenient forum. 28 U.S.C. § 1404(a); *Norwood v. Kirkpatrick*, 349 U.S. 29, 30 (1955); *Excelsior Designs, Inc. v. Sheres*, 291 F. Supp. 2d 181, 184 (E.D.N.Y. 2003). It reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Transfer under 28 U.S.C. § 1404(a) is only authorized if the movant establishes that: "(1) venue is proper in the transferor district; (2) venue is proper in the transferee

district; and (3) the transfer will serve the convenience of the parties, the convenience of witnesses, and the interests of justice." *O'Quin v. Fin. Servs. Online, Inc.*, No. 18-36, 2018 WL 5316360, at *10 (M.D. La. Oct. 26, 2018) (deGravelles, J.) (citations omitted); *see* 14D Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3827 (4th ed. 2023) (explaining that Section 1404(a) "refers to a civil action in which venue is properly laid in the district where the case was filed[,]" whereas "Section 1406(a) pertains to transfer of a case laying venue in the 'wrong district.' "). If it is established that venue is proper in both the transferor district and the transferee district, then the movant must lastly show "that the transferee venue is clearly more convenient." *White Hat v. Landry*, 475 F. Supp. 3d 532, 553 (M.D. La. 2020) (deGravelles, J.) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)). To determine "whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice[,]" courts within the Fifth Circuit apply the public and private interest factors established by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). *Volkswagen*, 545 F.3d at 315 (citation omitted).

### III. DISCUSSION

#### a. Parties' Arguments

##### i. *Motion to Dismiss* (Doc. 35)

Kroger I moves to dismiss Plaintiff's claims because (1) this Court lacks personal jurisdiction over it, (2) this Court is not the proper venue for this case, and (3) in the alternative, the Eastern District of Tennessee would be a more convenient venue. (Doc. 35-1.) First, it argues that the Court lacks personal jurisdiction because Kroger I "does no business in Louisiana and has no contacts with the forum." (*Id.* at 2.) Further, asserting jurisdiction over Kroger I would not comply with due process and traditional notions of fair play and substantial justice. (*Id.*)

3

Kroger I's main argument is that the Middle District of Louisiana is an improper venue. (*Id.*) It says that under 28 U.S.C. § 1391(A), venue is improper because the facts giving rise to Plaintiff's claim, the property that is the subject of the suit, all witnesses of the injury, the injury itself, and some medical treatment were all in Tennessee. (*Id.* at 3.) "No such acts or omissions occurred in Louisiana, and venue is not proper." (*Id.*)

Alternatively, Kroger I requests that the Court transfer this case to the Eastern District of Tennessee, pursuant to 28 U.S.C. § 1404(A). (*Id.*)

### ii. *Opposition* (Docs. 40, 52)

Plaintiff argues that Kroger I is the alter ego of TKC, and the Court's personal jurisdiction over TKC may be imputed to Kroger I. (Doc. 52 at 1.) He asserts that Kroger I is a wholly owned subsidiary of TKC because "The Kroger Company owns a 99% interest in Kroger I, and [T]he Kroger Company owns a 100% interest in KRGP, which in turn owns a 1% general partnership interest in Kroger I." (*Id.* at 2 (citing Bradley deposition, Doc. 42-7).) All three entities share tax, legal, and finance departments. (*Id.*) The paperwork the three entities have filed in Louisiana was completed by the same person, listing the same registered agent. (*Id.* at 3–4.) Several of TKC's executives have been involved in KRGP and Kroger I. (*Id.* at 4–5.)

Plaintiff contends that Kroger I is a wholly owned subsidiary of TKC, which allows the Court to pierce the corporate veil and treat the two as a single entity for jurisdictional purposes. (*Id.* at 7–8.) He argues that Tennessee law should control here and that "the actions of a parent corporation may be attributable to a subsidiary corporation (1) when one corporation is acting as an agent for the other or (2) when the two corporations are essentially alter egos of each other." (*Id.* at 8–9 (citing *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122,

4

1134 (9th Cir. 2003); Robert C. Casad & William M. Richman, Jurisdiction in Civil Actions § 4-3[5] (3d ed. 2004)).)

> Plaintiff maintains that this Court has personal jurisdiction over Kroger I because,
>
> "[f]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual . . . that would not ordinarily be subject to personal jurisdiction in that court when the individual . . . is an alter [ego] . . . of a corporation that would be subject to personal jurisdiction in that court." The jurisdictional contacts of one serve as the jurisdictional contacts for the other for purposes of due process.

(*Id.* at 9 (quoting *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (quoting *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 n.18 (5th Cir. 2002) (collecting cases))).) He argues that to rebut the presumption of separateness, he must show that Kroger I is a sham or dummy company, that the two entities are indistinguishable, or that the subsidiary "is merely an instrumentality, agent, conduit, or adjunct of the parent corporation." (*Id.* at 9–10 (citing *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 653 (Tenn. 2009)).)

> Courts are permitted to disregard the corporation's separate identity, a theory also known as "piercing the corporate veil." This theory permits a court to disregard a corporate entity in order to impose liability against a related entity, such as a parent corporation or a controlling shareholder, where the two entities are in fact identical or indistinguishable and where necessary to accomplish justice. If the court imposes liability against the related entity under this theory, the evidence must show that one entity is the alter ego of the other.

(*Id.* at 10 (citing *Stigall v. Wickes Mach.*, 801 S.W.2d 507, 510–11 (Tenn. 1990); *Scandlyn v. McDill Columbus Corp.*, 895 S.W.2d 342, 346–47 (Tenn. Ct. App. 1994); *Continental Bankers Life Ins. Co. v. Bank of Alamo*, 578 S.W.2d 625, 632 n.1 (Tenn. 1979); *Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 866 (Tenn. Ct. App. 2000)).) Plaintiff looks to a decision by this Court that used 18 factors to determine whether multiple entities were essentially a single enterprise. (*Id.* at 10–11 (citing *Blackmon v. Bracken Constr. Co.*, No. 18-142, 2018 WL 4387633, at *3 (M.D. La.

5

Sept. 14, 2018) (Jackson, J.)).) He addresses these factors in turn, arguing that they indicate that Kroger I and TKC are alter egos of each other. (*Id.* at 11–21.)

In the alternative, Plaintiff asserts that there is an agency relationship between the companies. (*Id.* at 21–22.) He maintains that under Tennessee law and based on the information available through preliminary discovery, "Kroger Limited Partnership I is completely controlled by The Kroger Company" because the two partners are essentially The Kroger Company. (*Id.* at 22.)

### iii. *Replies* (Docs. 41, 48)

Kroger I replies that (1) it is not a corporation, (2) TKC is not the sole owner of Kroger I, and (3) Kroger I is not an alter ego of TKC. (Doc. 48 at 1.) It asserts that Joseph Bradley, the corporate representative in the 30(b)(6) deposition, verified that Kroger I has no contacts with Louisiana and that TKC is a separate entity from Kroger I. (*Id.* at 2.)

Kroger I argues that Plaintiff has not shown that it is subject to personal jurisdiction here because Kroger I is not a wholly owned subsidiary of TKC. (*Id.*) It says that simply because TKC has an ownership interest in another business does not mean that the two are the same company. (*Id.* at 2–3.) Finally, Kroger I asserts that there is no evidence that Kroger I is a sham or dummy corporation, as it is a fully functioning limited partnership. (*Id.* at 3.) Kroger I makes essentially the same argument in its other pleading. (Doc. 41.)

### b. Law and Analysis

In sum, the Court need not directly address the jurisdictional issue because even if the Court has jurisdiction and venue is proper in this Court, the suit could have been brought in the Eastern District of Tennessee and that court is a more convenient forum. Therefore, the suit will be transferred pursuant to § 1404(a).

While a court must typically rule on jurisdictional questions before ruling on other threshold issues,

> Supreme Court and Fifth Circuit precedent "recognize that, in some limited instances, 'a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.' " . . . As examples of threshold issues, the Supreme Court has approved of courts dismissing suits for lack of personal jurisdiction without first addressing subject-matter jurisdiction, or granting *forum non conveniens* dismissals before addressing other jurisdictional issues.

*Hines v. Stamos*, 111 F.4th 551, 564 (5th Cir. 2024) (internal footnotes omitted). Thus, although Defendant moved for dismissal for lack of personal jurisdiction and improper venue, the Court will only address the § 1404(a) argument, including the issue of personal jurisdiction as it bears on the § 1404(a) issue, as the case should be transferred on those grounds.

A case may be transferred under § 1404(a) when, "(1) venue is proper in the transferor district; (2) venue is proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of witnesses, and the interests of justice." *O'Quin*, 2018 WL 5316360, at *10 (citations omitted).

This case should be transferred to the Eastern District of Tennessee whether venue is proper in the Middle District of Louisiana or not. Under 28 U.S.C. § 1391(b), venue is proper when:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For purposes of venue, the rule for residency for a juridical person is:

> An entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal

7

>jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principle place of business.

28 U.S.C. § 1391(c)(2).

The question of whether Kroger I resides in the Middle District of Louisiana, and thus whether venue is proper here, turns on whether Kroger I is an alter ego of TKC, which is a complex question involving conflicts of law and the law governing corporations. The question of what law applies to the alter ego analysis for jurisdictional purposes is a "complicated choice of law question" that remains an open question in the Fifth Circuit. *See Jackson v. Tanfoglio Guiseppe, S.R.L.*, 615 F.3d 579, 587 (5th Cir. 2010). But, the Court need not resolve that question because, regardless of whether venue is proper in this Court, transfer would be appropriate because, on either framework, the Eastern District of Tennessee is a more convenient and appropriate forum.

If Kroger I is not an alter ego of TKC, it would not be subject to this Court's jurisdiction, would not be deemed to reside in this district, and venue would not be proper under § 1391(1) or (3). The incident that is the subject of this lawsuit happened in Harriman, Tennessee. (Doc. 32 at ¶¶ 5–16.) There is no allegation that a substantial part of the events giving rise to the claim took place in this district. Thus, venue would not be proper under § 1391(b)(2). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As will be discussed below, the interests of justice weigh in favor of transferring this case.

If, on the other hand, Kroger I is an alter ego of TKC, thus subjecting it to this Court's personal jurisdiction and making venue proper, the Eastern District of Tennessee would be a more convenient forum.

8

Venue would be proper in the Eastern District of Tennessee. 28 U.S.C. § 1391(b)(2) provides that venue is proper in the district in which a substantial part of the events giving rise to the claim occurred. The Kroger grocery store where Plaintiff fell is located in Harriman, Tennessee, within the Eastern District of Tennessee, Knoxville Division. (Doc. 32 at ¶¶ 5–16.); US Courts Connections, https://connections.tned.uscourts.gov/locations.html (last visited 1/27/25). Because a substantial part of the events took place there, venue is proper in that district.

Finally, transfer to the Eastern District of Tennessee would be more convenient for the parties, the witnesses, and would serve the interests of justice. *O'Quin*, 2018 WL 5316360, at *10. Mined from § 1404's plain text, the Fifth Circuit employs a two-part test—justice and convenience—to determine whether a transfer of venue is warranted. *Volkswagen*, 545 F.3d at 314. Crucial to this analysis is the apparent purpose animating § 1404(a): To "prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *Id.* at 313. As the Court explained, "Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience." *Norwood*, 349 U.S. at 32. With modern precedent having relaxed the standard for a venue's transfer, courts continue to weigh the public and private interest factors ("*Gilbert* Factors") originally set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501. *Advance Prods. & Sys. Inc. v. CCI Piping Sys., LLC*, No. 2:14-CV-02456, 2015 U.S. Dist. LEXIS 26583, at *3–4, 2015 WL 920673, at *1–2 (W.D. La. Mar. 3, 2015) (summarizing the jurisprudence); *see also, e.g., In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (citing *Volkswagen*, 545 F.3d at 315).

Generally, the factors total eight: (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of

attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen*, 545 F.3d at 315. "These factors are not exhaustive or exclusive, and no single factor is dispositive." *Oxysure Sys., Inc. v. Castaldo*, No. 4:15-cv-00324, 2016 U.S. Dist. LEXIS 32905, at *5, 2016 WL 1031172, at *2 (E.D. Tex. Mar. 15, 2016); *accord Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

These factors support the transfer of this case. Any negligence by Defendants took place in Harriman, and any evidence or witnesses regarding the condition of the store at the time of the incident are all likely to be in Harriman. This case has no connection to the Middle District of Louisiana other than its possible personal jurisdiction over Defendants. Tennessee substantive law is likely to be applied in this case, giving Tennessee courts an interest in the outcome in the case. A federal district court located in Tennessee is more familiar with that law. This Court has a heavier than usual docket. The Court takes judicial notice of the fact that the Middle District of Louisiana is one of the busiest districts in the country. For the period ending March 31, 2024, the Middle District has three (3) total judgeships with 683 total weighted filings per authorized judgeship. United States Courts, *U.S. District Courts – Weighted and Unweighted Filings per Authorized Judgeship*, https://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables (last accessed 1/27/25). The Eastern District of Tennessee, on the other hand, has five (5) total judgeships with 376 total weighted filings per authorized judgeship. *Id.* Thus, the *Gilbert* factors weigh in favor of transfer. The Court will transfer this lawsuit to the Eastern District of Tennessee.

**IV.    CONCLUSION**

Accordingly,

**IT IS ORDERED** that Kroger Limited Partnership I's *Motion to Dismiss* (Doc. 35) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the *Motion to Dismiss* is **DENIED** as to personal jurisdiction and improper venue and **GRANTED** as to transfer of venue pursuant to 28 U.S.C. § 1404(a).

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1404(a), this case is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Tennessee, Knoxville Division.

Signed in Baton Rouge, Louisiana, on <u>January 27, 2025</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**